FILED

2014 JAN 16 PH 2:16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

SEACOR MARINE LLC,

      Plaintiff,

vs.

FPC 70 SEA STRIKER, VIN: 1239968
her engines, tackle, apparel, furniture,
equipment and all other necessaries
appertaining and belonging *in rem*,

and

RIVERHAWK FAST SEA FRAMES, LLC,
*in personam*

      Defendants.

_____/

CASE NO.:

8:14 cv114 T 27 TBM

## VERIFIED COMPLAINT

    Plaintiff, SEACOR MARINE LLC ("Plaintiff"), by and through its undersigned counsel,

hereby sue the vessel FPC 70 SEA STRIKER (official number 1239968), her engines, tackle,

equipment, furniture, auxiliary vessels, appurtenances, necessaries, etc. (the "Defendant

Vessel"), *in rem*, and RIVERHAWK FAST SEA FRAMES, LLC ("Riverhawk"), *in personam*,

and alleges:

### Parties and Jurisdiction

    1.    Plaintiff's principal place of business is 7910 Main Street, 2nd Floor, Houma,

Louisiana 70360.

    2.    Defendant Vessel, together with her engines, tackle, equipment, furniture,

auxiliary vessels, appurtenances, necessaries, etc., is an approximately 70-foot fast patrol craft



1

(official number 1239968) and is currently berthed at Riverhawk's waterfront property located at 5251 W. Tyson Avenue, Tampa, Florida 33611. Therefore, the Vessel is located within this Court's jurisdiction. *See* Photograph of Vessel attached hereto as **Exhibit A**.

3.     Defendant Riverhawk is a Florida Limited Liability Company with its principal address listed as 5251 W. Tyson Avenue, Tampa, Florida 33611 and its Registered Agent listed as Mark T. Hornsby, 5251 W. Tyson Avenue, Tampa, Florida 33611.

4.     This is an action within the admiralty and maritime jurisdiction of this Court as contemplated by 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. This action is pursuant to Rule C of the Supplemental Admiralty and Maritime Claims Rules of the Federal Rules of Civil Procedure and 46 U.S.C. § 31325. Plaintiff holds a First Preferred Ship Mortgage on the Vessel, *in rem*, as security for a Promissory Note and Equipment Finance Agreement, further described below, entered into between the Plaintiff and Riverhawk.

## Background Facts

5.     Upon information and belief, the Vessel is owned and operated by Riverhawk.

6.     On or about May 1, 2012, Plaintiff and Riverhawk entered into an Equipment Finance Agreement, wherein the Plaintiff would loan Riverhawk an aggregate principal amount not to exceed $1,500,000.00 USD to assist in financing procurement of marine engines (the "Agreement"). *See* Equipment Finance Agreement attached hereto as **Exhibit B**.

7.     For collateral and security on the loan, and as a requisite of the Agreement, Riverhawk agreed to execute a Promissory Note and provide Plaintiff a First Preferred Ship Mortgage on the Vessel in accordance with 46 U.S.C. §§ 31321, 31322.

8.     Article III of the Agreement governs the loan amount, terms of the advance, and repayment, whereas Article VIII governs default. Specifically, Section 3.01 explains Riverhawk

shall repay the Plaintiff the principal amount of $1,500,000.00 USD, plus interest, on or before the maturity date – November 1, 2012. *Id.* at p. 5.

9.     On or about May 8, 2012 Riverhawk executed the Promissory Note for the $1,500,000 loan, expressly incorporating the Agreement (the "Note"). *See* Promissory Note attached as **Exhibit C**.

10.     Pursuant to 46 U.S.C. §§ 31321 & 31322, a First Preferred Ship Mortgage dated May 24, 2012 was executed by Riverhawk and Plaintiff to secure Riverhawk's obligations and protect Plaintiff's interests in the Note and Agreement.   The First Preferred Ship Mortgage was subsequently recorded with the United States Coast Guard's National Vessel Documentation Center (the "NVDC") on June 1, 2012 at 4:15 P.M. in batch number 870116, document ID 15249267 (the "Preferred Mortgage"). *See* First Preferred Ship Mortgage attached as **Exhibit D**.

11.     On or about August 30, 2012, Riverhawk and Plaintiff (the "Parties") entered an Amendment incorporating the Note and Agreement as part of the Preferred Mortgage.   This Amendment was recorded with the NVDC on September 4, 2012 at 3:10 P.M. in batch number 887194, document ID 15650392.[1] *See* Amendment attached as **Exhibit E**.

12.     The Parties amended the Agreement two times, *inter alia*, twice extending the maturity date to June 30, 2013.[2] *See* Amendatory Agreements attached as **Composite Exhibit F**.

13.     Given the amendments and the maturity date's extensions, two amended Preferred Mortgages were filed and recorded with the NVDC reflecting those changes.   *See* Second and Third Amendments to Preferred Mortgage attached hereto as **Composite Exhibit G**.

---

[1] Each amendment to the Preferred Mortgage was made such that all other terms, provisions, conditions and obligations listed in the Preferred Mortgage were to remain unchanged and in full force and effect as provided therein, absent an expressly stated change in the amendment.  This applies to all subsequent amendments as well.

[2] Each amendment to the Agreement was made such that only those expressly stated changes in the amendment were incorporated into the Agreement, and all other terms, provisions, conditions and obligations were to remain unchanged and in full force and effect as provided therein. This applies to all subsequent amendments as well.

14.     To date, Riverhawk still owes $325,000 in principal plus interest, which is past due and owing as of June 30, 2013.

15.     On or about January 8, 2014, Plaintiff notified the Vessel's owner's registered agent of an Event of Default under Section 8.01 in the Agreement, to wit: "The payment of $325,000 in principal plus interest in accordance with the Agreement has not been made by [Riverhawk], and is past due despite due demand for such payment." The letter also explains interest will continue to accrue at a rate of $189.58 per day until paid. *See* Jan. 8. 2013 letter attached hereto as **Exhibit H**.

## COUNT I – Foreclosure of Preferred Mortgage (*In Rem*)

16.     Plaintiff restates and incorporates Paragraphs one (1) through fifteen (15) above as though fully set forth herein.

17.     In exchange for the loan to Riverhawk, Plaintiff's interests in the Note and Agreement were secured in the Vessel under 46 U.S.C. §§ 31321, 31322.

18.     Pursuant to Section 8.01 of the Agreement and the First Preferred Ship Mortgage, Riverhawk is currently indebted to Plaintiff, is in default for failure to pay the amounts past due and owing, and has been given reasonable notice and opportunity to cure these events causing default.

19.     As of January 14, 2013, Riverhawk owes approximately $361,369.40 USD in principal and interest based upon the First Preferred Ship Mortgage, Agreement and Note.

20.     The Preferred Mortgage executed by Riverhawk to Plaintiff and delivered to Plaintiff, creates a valid and existing lien in the amount claimed herein as provided in the Preferred Mortgage and Note in accordance with 46 U.S.C. §§ 31322, 31325.

21.     Additionally, all amounts required to be disbursed for the care and preservation and insurance on the Vessel and all costs, including attorneys' fees, incurred by Plaintiff should be taxed as costs against the Vessel.

22.     The resulting maritime lien from the Preferred Mortgage should be recognized as the paramount lien against the Vessel, and the Vessel should be condemned and sold to pay the claims and demands aforesaid, with interest and costs.   Moreover, nothing should prevent Plaintiff from becoming the purchaser at any sale of the mortgaged Vessel

23.     In addition to the above amounts, the Plaintiff is entitled to interest and costs, in amounts which will be proven at trial. As a result, Plaintiff was obliged to retain the law firm of Hamilton, Miller & Birthisel, LLP, 100 South Ashley Drive, Suite 1210, Tampa, Florida 33602, to protect its interest hereunder and will become responsible for paying Hamilton, Miller & Birthisel, LLP reasonable attorneys' fees and costs incurred herein.

**WHEREFORE**, Plaintiff, SEACOR MARINE LLC, for the *in rem* count alleged above, prays this Court:

A.     That process in due form of law according to the rules and practice of this Court in causes of admiralty and maritime jurisdiction be issued against the Vessel, her engines, tackle, equipment, rigging, furniture, auxiliary vessels, appurtenances, etc., *in rem*, citing it to appear and answer the matter aforesaid;

B.     That the Preferred Mortgage executed by Riverhawk to Plaintiff and delivered to Plaintiff, be declared a valid and existing lien in the amount claimed herein as provided for in the Preferred Mortgage and Note;

C.     That pursuant to Supplemental Admiralty Rule C and Local Admiralty Rules, a warrant *in rem* be issued for the Vessel's arrest;

D. That judgment be entered, *in rem,* in favor of Plaintiff, SEACOR MARINE LLC, and against Defendant Vessel, recognizing Plaintiff's maritime lien arising from the Preferred Mortgage for the outstanding amount owed to Plaintiff, together with interest, administrative fees, costs, and attorneys' fees;

E. That the Preferred Mortgage and resulting maritime lien be recognized as the paramount lien against the Vessel;

F. That the Vessel be condemned and sold to pay the claims and demands aforesaid, including pre-and-post judgment interest, attorneys' fees and costs;

G. That all amounts required to be disbursed for the care and preservation and insurance on the Vessel be taxed as costs against the Vessel;

H. That Plaintiff, at its option, be allowed to become purchaser at any sale of the mortgaged Vessel; and,

I. That Plaintiff have such other and further relief as the law and justice may require.

## COUNT II – Breach of Contract (*In Personam*)

24. Plaintiff restates and incorporates Paragraphs one (1) through twenty-three (23) above as though fully set forth herein.

25. Plaintiff and Riverhawk's Agreement is a binding contract, whereby Plaintiff would loan Riverhawk an aggregate principal amount not to exceed $1,500,000.00 USD to assist in financing the procurement of marine engines.

26. Riverhawk executed a Note in Plaintiff's favor for the principal amount plus any accrued interest under the Agreement.

27.   Riverhawk is now in default of its obligations under the Agreement and Note, as it has failed to timely pay the principal and interest amounts past due and owing.

28.   As such, Riverhawk has breached the terms and conditions of its contract with the Plaintiff.

29.   Plaintiff has been damaged by Riverhawk's breach of contract.

30.   Plaintiff is entitled to the full outstanding amount of principal, plus interest, owed under the Note and Agreement.

31.   Therefore, Riverhawk should be found liable for breach of contract and be required to pay Plaintiff damages as deemed appropriate by this Court.

**WHEREFORE,** Plaintiff, SEACOR MARINE LLC, for the *in personam* count alleged above, prays:

A.   Riverhawk be found in breach on its contract with Plaintiff;

B.   Riverhawk pay Plaintiff an award of damages to be determined by this Court due to the breach of contract;

C.   Plaintiff be awarded all pre and post-judgment interest, costs and attorneys' fees for Riverhawk's breach of contract; and,

D.   Plaintiff have such other and further relief as the law and justice may require.


[SIGNATURE BLOCK ON FOLLOWING PAGE]

Dated:  January 16, 2014

Respectfully submitted,

**ROBERT B. BIRTHISEL**
Florida Bar No.: 906654
rbirthisel@hamiltonmillerlaw.com
**JULES V. MASSEE**
Florida Bar No.: 41554
jmassee@hamiltonmillerlaw.com
**CHRISTOPHER F. HAMILTON**
Florida Bar No.: 98527
chamilton@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP.
100 South Ashley St., Suite 1210
Tampa, FL 33602
Phone: (813) 223-1900
Fax: (813) 223-1933
*Attorneys for Plaintiff*

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]
[VERIFICATION ON FOLLOWING PAGE]

## VERIFICATION

STATE OF ___FLORIDA___ )
                                      ) ss.
COUNTY OF ___HILLSBOROUGH___

Pursuant to 28 U.S.C. §1746, I, CHRISTOPHER F. HAMILTON on behalf of SEACOR

Marine LLC, verify under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct. Executed on January __16__, 2014.


By: CHRISTOPHER F. HAMILTON
Position: ATTORNEY IN FACT
SEACOR Marine LLC

SWORN TO AND SUBSCRIBED before me this January __16__, 2014.



KIMBERLY A. SADLER
MY COMMISSION # FF 073230
EXPIRES: November 25, 2017
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC

My Commission Expires: __11/25/2017__

Personally known __✓__ or produced identification _____

Type of identification produced _____

9