UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SEACOR MARINE LLC,**

    **Plaintiff,**

vs.

                                            Case No. 8:14-cv-114-T-27TBM

**FPC SEA STRIKER, VIN: 1239968,**
**her engines, boilers, tackle, furniture,**
**equipment, fixtures, and apparel,** *in rem*,
**and RIVERHAWK FAST SEA FRAMES,**
**LLC,** *in personam*,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff Seacor Marine, LLC's Motion for Summary Judgment (Dkt. 64), to which Defendants have not responded. Upon consideration, Plaintiff's motion is granted to the extent set forth herein.

### *Background*

Plaintiff Seacor Marine, LLC ("Seacor") filed the instant admiralty action against the vessel FPC Sea Striker ("the Vessel"), *in rem*, and Defendant Riverhawk Fast Sea Frames, LLC ("Riverhawk"), *in personam*. After Riverhawk filed its Answer to Seacor's Verified Complaint (Dkt. 32), Riverhawk's counsel withdrew (Dkt. 61), and the instant motion is unopposed.

In its Answer, Riverhawk admitted that the parties entered into an Equipment Financing Agreement ("the Agreement"), by which Seacor loaned money to Riverhawk to assist in the procurement of marine engines for the Vessel. (Dkt. 1 ¶ 6; Dkt. 32 ¶ 6). As collateral and security for the loan, and as a requisite of the Agreement, Riverhawk executed a Promissory Note ("the

Note") providing Seacor a First Preferred Ship Mortgage on the Vessel, pursuant to 46 U.S.C. §§ 31321 and 31322. (Dkt. 1 ¶¶ 7, 26; Dkt. 32 ¶¶ 7, 26). Riverhawk and Seacor recorded the First Preferred Ship Mortgage with the National Vessel Documentation Center ("NVDC") on June 1, 2012. (Dkt. 1 ¶ 10; Dkt. 32 ¶ 10; Dkt. 1-4).[1]

Riverhawk admits that the Agreement is binding. Riverhawk also admits that it is in default under the Agreement, and that it has been given reasonable notice and opportunity to cure the default, as required under the Agreement. Riverhawk further admits that it is indebted to Seacor in the amount of $325,000.00 plus interest. (Dkt. 1 ¶¶ 14, 15, 18, 25; Dkt. 32 ¶¶ 14, 15, 18, 25).

### *Standard*

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477

---

[1] On September 4, 2012, Riverhawk and Seacor recorded an amendment with the NVDC, which incorporated the Note and Agreement as part of the Preferred Mortgage. (Dkt. 1 ¶ 11; Dkt. 32 ¶ 11; Dkt. 1-5). The parties twice extended the maturity date, and two amended Preferred Mortgages were later filed with the NVDC to reflect those changes. (Dkt. 1 ¶¶ 12-13; Dkt. 32 ¶¶ 12-13; Dkt. 1-7).

U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). The nonmoving party must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).

## *Discussion*

Seacor's Verified Complaint includes two counts: (1) a claim for foreclosure of the preferred mortgage against the Vessel, *in rem*; and (2) a claim for breach of contract against Riverhawk, *in personam*. (Dkt. 1). Seacor's motion is granted as to both counts.

Pursuant to 46 U.S.C. § 31326, a "preferred mortgage lien . . . has priority over all claims against the vessel (except for expenses and fees allowed by the court, costs imposed by the court, and preferred maritime liens)." 46 U.S.C. § 31326(b)(1); *Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d 1233, 1238 (11th Cir. 2006). A preferred mortgage is a mortgage that: (1) includes the whole of a vessel; (2) is filed in substantial compliance with 46 U.S.C. § 31321; and (3) covers a documented vessel or one for which an application for documentation is filed. 46 U.S.C. § 31322(a). A preferred mortgage constitutes "a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel." 46 U.S.C. § 31325(a). Upon default of a preferred mortgage, the mortgagee may enforce the lien in a civil action *in rem* for a documented vessel, and a federal district court has original jurisdiction over such an action.

46 U.S.C. § 31325(b), (c); *Beluga Holding, Ltd. v. Commerce Capital Corp.*, 212 F.3d 1199, 1202-03 (11th Cir. 2000).

In the instant case, Riverhawk admits that Seacor's interest was secured under 46 U.S.C. §§ 31321 and 31322. (Dkt. 1 ¶ 17; Dkt. 32 ¶ 17). Riverhawk also admits that it is in default, that it owes $325,000.00 in principal plus interest to Seacor, and that such amount was past due and owing as of June 30, 2013. (Dkt. 1 ¶¶ 14, 15, 18, 25; Dkt. 32 ¶¶ 14, 15, 18, 25). Seacor's motion for summary judgment is therefore granted as to Count I.

For these same reasons, summary judgment is also warranted on Seacor's claim for breach of contract against Riverhawk, *in personam*. Seacor does not specify whether it is asserting this claim under state contract law or federal maritime law. For purposes of the instant motion, however, that issue need not be resolved. The elements of a breach of contract claim under Florida law and admiralty law are the same: existence of a valid contract, a material breach, and damages. *Sulkin v. All Fla. Pain Mgm't, Inc.*, 932 So. 2d 485, 486 (Fla. 4th DCA 2006); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005). As discussed, Riverhawk admits that the Agreement is binding, that it is in default, and that Seacor is entitled to damages. Seacor's motion for summary judgment is therefore granted as to Count II.

Seacor also moves for summary judgment regarding its entitlement to costs. Specifically, under Section 9.04(a) of the Agreement, Riverhawk agreed to be liable to Seacor for "all reasonable out-of-pocket costs and expenses" connected to the enforcement of the loan documents. (Dkt. 1-2, p. 24). Likewise, Paragraph 32 of the Preferred Mortgage states that Seacor is entitled to reasonable attorney's fees incurred to enforce collection rights against Riverhawk. (Dkt. 1-4, p. 5). Although Riverhawk denied liability for attorneys' fees and other costs in its Answer (Dkt. 32 ¶ 21),

Riverhawk has failed to respond to Seacor's motion for summary judgment. Because Riverhawk admits that the Agreement is binding, and because the Agreement provides for costs, Seacor's motion for summary judgment is granted as to Seacor's entitlement to reasonable costs and expenses under the Agreement.

### *Conclusion*

Based on the foregoing, it is **ORDERED** that Plaintiff Seacor Marine LLC's Motion for Summary Judgment (Dkt. 64) is **GRANTED** as set forth herein. Ruling is reserved on the amount of costs and interest, as well as the priority of Seacor's claim to the Vessel, pending completion of the Interlocutory Sale and resolution of claims filed by Intervening Plaintiffs.

**DONE AND ORDERED** this 13th day of January, 2015

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record